UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALEJANDRO VALLE and EDGAR CID (a.k.a.
DANIEL LOPEZ), *individually and on behalf of others
similarly situated,*

                       *Plaintiffs,*

           -against-

GORDON CHEN'S KITCHEN LLC (d/b/a  HAKATA
GRILL), MAC-WAR REST. CORP. (d/b/a  HAKATA
GRILL), and ALLAN WARTSKI,

                       *Defendants.*

-------------------------------------------------------------------X

Index No. 15-cv-2005 (GWG)

## POST-TRIAL MEMORANDUM OF DEFENDANTS GORDON CHEN'S KITCHEN LLC (d/b/a  HAKATA GRILL), MAC-WAR REST. CORP. (d/b/a  HAKATA GRILL), and ALLAN WARTSKI

Nathan M. Ferst (9655)
15 Maiden Lane, Suite 703
New York, New York 10038
Tel: (212) 683-8055
Email: nmf@nathanmferst.com

*Attorney for Defendants*

d-98-59

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PLAINTIFFS' CLAIMS AT TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

RELEVANT STANDARD PLAINTIFFS MUST MEET . . . . . . . . . . . . . . . . . . . . . . . . . 3

RECORD KEEPING REQUIREMENTS UNDER THE FLSA AND NYLL . . . . . . . . . . . 3

STATUTES OF LIMITATIONS UNDER THE FLSA AND NYLL . . . . . . . . . . . . . . . . . 4

ARGUMENT

I.     DEFENDANTS' TRIAL EXHIBITS ARE COMPLETE
       AND ACCURATE RECORDS OF ALL PAYMENTS
       FOR WORK PERFORMED BY PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.    PLAINTIFFS' STATEMENTS AT TRIAL REGARDING
       THE NUMBER OF HOURS WORKED ARE NOT
       CREDIBLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   PLAINTIFFS' STATEMENTS REGARDING WORK
       PERFORMED ARE NOT CREDIBLE AND DEFENDANTS
       WERE ENTITLED TO USE THE "TIP CREDIT" WHEN
       DETERMINING PAY RATES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

d-98-61

**TABLE OF CONTENTS (Cont.)**

Page

IV.   PLAINTIFFS' CONTENTIONS THAT THEY WERE NOT
      ISSUED NOTICES PURSUANT TO NYLL § 195(1) ARE
      MOOT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

V.    PLAINTIFFS' CONTENTIONS THAT THEY WERE NOT
      ISSUED NOTICES PURSUANT TO NYLL § 195(3) ARE
      NOT CREDIBLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

VI.   PLAINTIFFS' CLAIMS TO "SPREAD OF HOURS"
      PAYMENTS ARE NOT CREDIBLE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

d-98-61

# TABLE OF AUTHORITIES

**Page**

**CASES**

**FEDERAL**

*Amaya v. Superior Granite and Tile Corp.*, 10 Civ. 4525 (PGG)
(S.D.N.Y. 2012)..................................................................3

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ….........................3

*Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005)..................4

*Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 CIV. 1335 RA JCF
(S.D.N.Y. 2012)..............................................................17,18

*Kone v. Lynch*, 15-618 NAC, (2nd Cir. 2016)………………………………....8

*Kuebel v. Black & Decker, Inc.*, 643 F.3d 352 (2nd Cir. 2011)...........................3,13

*Sexton v. American Golf Corporation*, Case No. 13-CV-873
(E.D.N.Y. 2015)..............................................................19

**STATUTES**

**FEDERAL**

29 C.F.R. § 516.5.............................................................4

29 U.S.C. § 201..............................................................1

29 U.S.C. § 255..............................................................4

**STATE**

N.Y. Comp. Codes R. & Regs. § 142-2.4...................................1,19

N.Y. Comp. Codes R. & Regs. § 146-1.3...................................14,15

N.Y. Labor Law § 190........................................................1

N.Y. Labor Law § 195....................................................4,16-19

N.Y. Labor Law § 198........................................................4

d-98-61

**TABLE OF AUTHORITIES (Cont.)**

<u>Page</u>

N.Y. Labor Law § 198(1-b)……………………………………………..17,18

N.Y. Labor Law § 650……………………………………………………..1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALEJANDRO VALLE and EDGAR CID (a.k.a.
DANIEL LOPEZ), *individually and on behalf of others
similarly situated,*

                              **Index No. 15-cv-2005 (GWG)**

                        *Plaintiffs,*

                 -against-

GORDON CHEN'S KITCHEN LLC (d/b/a  HAKATA
GRILL), MAC-WAR REST. CORP. (d/b/a  HAKATA
GRILL), and ALLAN WARTSKI,

                      *Defendants.*
-------------------------------------------------------------------X

## POST-TRIAL MEMORANDUM OF DEFENDANTS GORDON CHEN'S KITCHEN LLC (d/b/a  HAKATA GRILL), MAC-WAR REST. CORP. (d/b/a  HAKATA GRILL), and ALLAN WARTSKI[1]

      Defendants respectfully submit this Post-Trial Memorandum pursuant to the Court's order dated. For the reasons set forth below, Defendants respectfully submit that the Court should enter judgment in favor of Defendants.

### PRELIMINARY STATEMENT

      Plaintiffs brought this action against Defendants alleging "unpaid minimum wages and overtime wages orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law§§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages,

---

[1] Pursuant to an Order of the Hon. John G. Koeltl, United States District Judge, filed July 29, 2016, Defendants Sol Orbuch and Kazutoshi Gaeda were dismissed from this Action.

d-98-60

interest, attorneys' fees, and costs." Complaint at ¶13.

At trial, Plaintiffs failed to meet the burden of proving the allegations by a preponderance of the evidence. Defendants introduced into evidence all wage payments made to Plaintiffs by Defendants. Defendant's Trial Exhibits ("Def. Tr. Ex.") A, B, C, D, E, F, G, and H (collectively, "the Trial Exhibits"). Testimony was heard indicating that all payments due to Plaintiffs from Defendants were made by Defendants.

## STATEMENT OF FACTS

The undisputed facts at trial are:

(a)     Plaintiff Edgar Cid ("Plaintiff Cid") began employment with Defendant Hakata Grill September 2008, Trial Transcript (hereinafter, "Tr. Trans.") at 8;

(b)     Plaintiff Alejandro Valle ("Plaintiff Valle") began employment with Defendant Hakata grill in October 2010, Tr. Trans. at 37;

(c)     both Plaintiffs were hired by Hakata Grill to make deliveries of food orders, Tr. Trans. at 8, 37;

(d)     Defendant Gordon Chen's Kitchen LLC provided Plaintiffs with each payment of wages a statement of wages, including the dates of work covered by the payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; the rates of pay and basis thereof; gross wages; deductions; net wages; regular hourly rates of pay; overtime rates of pay; the number of regular hours worked, and the number of overtime hours worked, Tr. Trans. at 31-32, 77-80, Def. Tr. Ex. A-H; and

(e)     Plaintiffs were paid for all hours worked at Hakata Grill, Tr. Trans. 33-34, 51.

## PLAINTIFFS' CLAIMS AT TRIAL

Plaintiffs' claims brought forth at trial were that:

(a)     Plaintiffs were not paid the applicable overtime rate of pay, Tr. Trans. 34, 51;

2

(b)    Plaintiffs were not paid "spread of hours" payments, Tr. Trans. 56;

(c)    Defendant Gordon Chen's Kitchen LLC was not entitled to the "tip credit" for certain hours worked by Plaintiffs, Tr. Trans. 55; and

(d)    Defendant Gordon Chen's Kitchen LLC did not comply with notice requirements to Plaintiffs.

## RELEVANT STANDARD PLAINTIFFS MUST MEET

An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). A plaintiff may meet this burden "through estimates based on his own recollection." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2nd Cir. 2011). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson,* 328 U.S. at 687-688.

Defendants proved at trial that adequate records of the work performed by Plaintiffs, and the payments made by Defendant Gordon Chen's Kitchen LLC to Plaintiffs for such work, were kept in accordance with the FLSA and NYLL.

Thus, Plaintiffs' own recollections must rebut the records kept by Defendant Gordon Chen's Kitchen LLC, and the testimony regarding such record keeping. *Anderson,* 328 U.S.

## RECORD KEEPING REQUIREMENTS UNDER THE FLSA AND NYLL

Under the FLSA "employers are required to maintain and preserve records concerning, inter alia, (1) the total daily and weekly hours worked, (2) the regular hourly rates of pay for each week in which overtime compensation is due, (3) the total daily and weekly earnings, (4) the total wages paid, and (5) the total weekly premium pay for overtime hours." *Amaya v. Superior*

3

d-98-60

*Granite and Tile Corp.*, 10 Civ. 4525 (PGG), (S.D.N.Y. 2012). Payroll records are to be maintained by an employer for three years pursuant to 29 C.F.R. § 516.5.

Pursuant to NYLL § 195(4) employers must maintain for six years:

> contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages for each employee. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

### STATUTES OF LIMITATIONS UNDER THE FLSA AND NYLL

The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. § 255. A cause of action under the FLSA "accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 (S.D.N.Y. 2005).

Plaintiffs filed the Complaint on March 17, 2015. Therefore, Plaintiffs' claims under the FLSA are limited to such claims that accrued on or after March 17, 2013, or, if Defendants' conduct were to be deemed "willful", Plaintiffs' claims under the FLSA would be limited to claims that accrued on or after March 17, 2012.

New York law has a six-year statute of limitations for a wage claim.. Therefore, Plaintiffs' claims under the NYLL are limited to such claims that accrued on or after March 17, 2009. NYLL § 198(3).

d-98-60

## ARGUMENT

### I. Defendants' Trial Exhibits are complete and accurate records of all payments for work performed by Plaintiffs.

At trial Defendants submitted payroll records pertaining to both Plaintiffs. Trial Exhibits A, B, C, D, E, F, G, and H. The Trial Exhibits show, *inter alia*, (a) the names of the respective Plaintiffs; (b) the name of the employer; (c) the dates covered by each wage payment; (d) the total hours worked by the respective Plaintiffs; (e) the number of hours of overtime worked by the respective Plaintiffs; (f) the regular rate of hourly pay to each respective Plaintiff; (g) the hourly overtime rate of pay to each respective Plaintiff; (h) the tips received by the respective Plaintiffs; (i) the total earnings in each pay period for the respective Plaintiffs; (j) the total wages paid in each pay period to each of the respective Plaintiffs, and (k) the total weekly premium pay for overtime hours, if any, to each respective Plaintiff.

### II. Plaintiffs' statements at trial regarding the number of hours worked are not credible.

At trial, Plaintiff Cid stated that from March 2009 through October 2010 he worked "Mondays through Fridays." Tr. Trans. at 10. Plaintiff Cid testified that the hours he worked were "from 10:30 to 4…and from 6 to 10:30 p.m." Tr. Trans. at 9. Thus, according to Plaintiff Cid, he worked eleven hours on each Monday, Tuesday, Wednesday, Thursday, and Friday from March 2009 through October 2010. Such a schedule would entitle Plaintiff Cid to payment of wages for fifty-five hours per week.

Def. Tr. Ex. A consists of copies of a checks and check stubs from Defendant Gordon Chens Kitchen LLC ("Defendant Gordon") to Balverde Lopez, an alias of Plaintiff Cid, covering the payments made to Plaintiff Cid during the year 2009.

d-98-60

Def. Tr. Ex. B consists of copies of a checks and check stubs from Defendant Gordon to Plaintiff Cid, covering the payments made to Plaintiff Cid during the year 2010.

Def. Tr. Ex. C consists of copies of a checks and check stubs from Defendant Gordon to Plaintiff Cid, covering the payments made to Plaintiff Cid during the year 2011.

Page 11 of Def. Tr. Ex. A covers the pay period from March 2, 2009 through March 8, 2009. The check stub indicates that Plaintiff Cid was recorded as having worked forty hours during this pay period.

Page 12 of Def. Tr. Ex. A covers the pay period from March 9, 2009 through March 15, 2009. The check stub indicates that Plaintiff Cid was recorded as having worked thirty-nine hours during this pay period.

Page 13 of Def. Tr. Ex. A covers the pay period from March 16, 2009 through March 22, 2009. The check stub indicates that Plaintiff Cid was recorded as having worked thirty-seven hours during this pay period.

Page 53 of Def. Tr. Ex. B covers the pay period from December 21, 2009 through December 27, 2009. The check stub indicates that Plaintiff Cid was recorded as having worked thirty-one hours during this pay period.

Page 54 of Def. Tr. Ex. B covers the pay period from December 28, 2009 through January 3, 2010. The check stub indicates that Plaintiff Cid was recorded as having worked twenty-eight hours during this pay period.

Page 55 of Def. Tr. Ex. B covers the pay period from January 4, 2010 through January 10, 2010. The check stub indicates that Plaintiff Cid was recorded as having worked forty hours during this pay period.

d-98-60

Page 117 of Def. Tr. Ex. C covers the pay period from March 14, 2010 through March 20, 2010. The check stub indicates that Plaintiff Cid was recorded as having worked thirty-eight hours during this pay period.

Def. Tr. Ex. F consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2012.

Def. Tr. Ex. G consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2013.

Def. Tr. Ex. H consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2014.

Page 213 of Def. Tr. Ex. F covers the pay period ending January 1, 2012. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked thirty-six hours during this pay period.

Page 214 of Def. Tr. Ex. F covers the pay period ending January 8, 2012. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked forty hours during this pay period.

Page 217 of Def. Tr. Ex. F covers the pay period ending January 29, 2012. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked forty regular hours during this pay period, and ten and one-half hours of overtime, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 265 of Def. Tr. Ex. G covers the pay period ending December 30, 2012. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked twenty-four hours during this pay period.

d-98-60

Page 270 of Def. Tr. Ex. G covers the pay period ending February 3, 2013. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked forty regular hours during this pay period, and eight and one-half hours of overtime, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 325 of Def. Tr. Ex. H covers the pay period ending January 12, 2014. The entry for "Balverde Lopez" indicates that Plaintiff Cid was recorded as having worked forty regular hours during this pay period, and eight and one-half hours of overtime, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Throughout the Trial Exhibits the hours worked by Plaintiff Cid indicate that Plaintiff Cid was not working a regular schedule "Mondays through Fridays…from 10:30 to 4…and from 6 to 10:30 p.m." as Plaintiff Cid stated at trial. In fact, the hours Plaintiff Cid worked per week were often variable.

Further, when overtime was worked, it is recorded as paid to Plaintiff Cid at the appropriate rate.

Impugning the credibility of Plaintiff Cid's testimony, is the question of his identity. Plaintiff Cid obtained employment with Defendant Gordon under a false name, Balverde Lopez. When asked why Plaintiff Cid was known under a different name to Defendant Gordon, Plaintiff Cid stated: "Well, it's because someone lent me a Social Security number to work under that name." Tr. Trans. at 28. *Kone v. Lynch*, 15-618 NAC, (2nd Cir. 2016), (Plaintiff found not credible where he used "a second false identity…" at 3).

Plaintiff Valle stated that he worked "Monday through Friday" (Tr. Trans. at 39) "from 10:30 to 2 and from 4 to 10:30". Tr. Trans. at 38. This schedule of covered the period from October 2010 (Tr. Trans. at 37) to "around 2012." Tr. Trans. at 39.

d-98-60

Thus, Plaintiff Valle testified that he worked ten hours per day, five days per week, for a total of fifty hours during the above-referenced time period.

Plaintiff Valle testified that as of 2012 he "had to get to work earlier" and began work at 9:30 from 2012 until the end of his employment. Tr. Trans. at 39.

Thus, Plaintiff Valle testified that from 2012 through the end of his employment in 2014, he worked eleven hours per day, five days per week, for a total of fifty-five hours.

Def. Tr. Ex. D consists of copies of a checks and check stubs from Defendant Gordon to Plaintiff Valle, covering the payments made to Plaintiff Valle during the year 2010.

Def. Tr. Ex. E consists of copies of a checks and check stubs from Defendant Gordon to Plaintiff Valle, covering the payments made to Plaintiff Valle during the year 2011.

Page 161 of Def. Tr. Ex. D covers the pay period from December 20, 2010 through December 26, 2010. The check stub indicates that Plaintiff Valle was recorded as having worked thirty-seven hours during this pay period.

Page 162 of Def. Tr. Ex. E covers the pay period from December 27, 2010 through January 2, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked ten hours during this pay period

Page 163 of Def. Tr. Ex. E covers the pay period from January 3, 2011 through January 9, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked forty hours during this pay period.

Page 165 of Def. Tr. Ex. E covers the pay period from January 17, 2011 through January 23, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked thirty-five hours during this pay period.

9

Page 176 of Def. Tr. Ex. E covers the pay period from April 11, 2011 through April 17, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked twenty-eight and one-half hours during this pay period.

Page 183 of Def. Tr. Ex. E covers the pay period from May 30, 2011 through June 5, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked thirty-three hours during this pay period.

Pages 184-187 of Def. Tr. Ex. E covers the pay periods from June 6, 2011 through July 3, 2011. The check stubs indicate that Plaintiff Valle was recorded as having worked forty hours during these pay periods.

Page 188 of Def. Tr. Ex. E covers the pay period from July 4, 2011 through July 10, 2011. The check stub indicates that Plaintiff Valle was recorded as having worked thirty-six and one-half hours during this pay period.

Def. Tr. Ex. F consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2012.

Def. Tr. Ex. G consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2013.

Def. Tr. Ex. H consists of copies of payroll registers maintained by Defendant Gordon pertaining to Plaintiffs for the year 2014.

Page 213 of Def. Tr. Ex. F covers the pay period ending January 1, 2012. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked thirty-five hours during this pay period.

Page 214 of Def. Tr. Ex. F covers the pay period ending January 8, 2012. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked forty hours of regular

d-98-60

time and one hour of overtime during this pay period, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 222 of Def. Tr. Ex. F covers the pay period ending March 4, 2012. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked forty hours of regular time and nine and one-half hours of overtime during this pay period, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 302 of Def. Tr. Ex. G covers the pay period ending September 15, 2013. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked forty hours of regular time and seven and one-half hours of overtime during this pay period, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 314 of Def. Tr. Ex. G covers the pay period ending November 10, 2013. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked forty hours during this pay period.

Page 325 of Def. Tr. Ex. H covers the pay period ending January 12, 2014. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked forty hours of regular time and six and one-half hours of overtime during this pay period, which overtime hours were paid at a rate one and one-half times the regular hourly rate.

Page 333 of Def. Tr. Ex. H covers the pay period ending February 9, 2014. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked five hours forty hours during this pay period.

Page 337 of Def. Tr. Ex. H covers the pay period ending February 23, 2014. The entry for Plaintiff Valle indicates that Plaintiff Valle was recorded as having worked thirty-two and one-half hours forty hours during this pay period.

d-98-60

Thus, from the Trial Exhibits it is evident that Plaintiff Valle's schedule was not consistent, and often the hours Plaintiff Valle worked fell well short of the hours he claimed at trial to work every week.

Finally, for both Plaintiffs, when overtime was worked the Trial Exhibits indicate that Defendant Gordon paid Plaintiffs at a rate that was one and one-half times Plaintiffs' regular hourly rate.

When asked how to explain the discrepancy between the Trial Exhibits and Plaintiff Cid's testimony, Plaintiff Cid stated again that every week he worked more than forty hours per week, which is not indicated by the Trial Exhibits, and that for all such work above forty hours per week Plaintiff Cid was paid in cash at Plaintiff Cid's regular hourly rate. Tr. Trans. at 32-33. Plaintiff Cid did not explain why the payroll register exhibits (Def. Tr. Exs. F, G, and H) indicated that Plaintiff Cid was credited for, and paid one and one-half times his regular pay rate for overtime when worked. It strains credibility to believe that Plaintiff Cid was both paid in cash for overtime, and paid by check for overtime, as such payments by check are indicated in the Trial Exhibits.

Thus, at most, if Plaintiff Cid's claims as to the hours he worked have any credibility, Plaintiff Cid's claims for overtime are limited to the premium overtime rate prevailing at the alleged time of non-payment of the premium overtime rate.

Plaintiff Valle also claims that overtime payments due to him were paid "in a separate check, but the only paid me regular time." Trial Trans. at 50.

The Court asked questions to Plaintiff Valle: "Sir, you got a check once a week, is that correct?" Plaintiff Valle answered, "Yes." The Court asked, "That check was for how many hours? Do you know?" Plaintiff Valle answered, "40 hours." Trial Trans. at 50.

12

As shown by the Trial Exhibits, Plaintiff Valle's answer is only true for some pay periods. In many pay periods Plaintiff Valle did not work forty hours.

Plaintiff Valle then stated the same story that Plaintiff Cid had stated about payments for overtime work, i.e. that there was a "check that was changed for me by this other person, my coworker." Tr. Trans. at 51.

This testimony is, like Plaintiff Cid's, at odds with the Trial Exhibits which indicate that when overtime was recorded such overtime was paid by check at a rate one and one-half times that of Plaintiff Valle's regular rate.

Thus, at most, if Plaintiff Valle's claims as to the hours he worked have any credibility, Plaintiff Valle's claims for overtime are limited to the premium overtime rate prevailing at the alleged time of non-payment of the premium overtime rate. Like Plaintiff Cid, Plaintiff Valle acknowledges that he was paid for all hours worked. Tr. Trans. at 51.

Plaintiffs failed to explain the discrepancies between the hours they claimed to work and the hours for which they accepted checks. Plaintiffs did not challenge the validity of the Trial Exhibits, and Plaintiffs did not even attempt to show that the Trial Exhibits were inaccurate except by stating a schedule of hours worked that is not reflected in the Trial Exhibits. "To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 361 (2d Cir. 2011).

d-98-60

### III. Plaintiffs' statements regarding work performed are not credible and Defendants were entitled to use the "tip credit" when determining pay rates.

In the restaurant industry, employers were for all times relevant in this action, allowed a "tip credit" against the minimum wage when determining the pay rate of a tipped employee employed in the food service industry.

The Trial Exhibits establish that Plaintiffs were paid a wage in accordance with 12 CRR-NY § 146-1.3.

From the beginning of Plaintiffs' employment until December 31, 2010, the required wage rates in effect pursuant to 12 CRR-NY § 146-1.3. were that a food service worker receive a minimum of $4.65 per hour, and the credit for tips shall not exceed $2.60 per hour, provided that the total compensation of wages and tips equal or exceed $7.25 per hour.

During Plaintiffs' remaining employment, the required wage rates in effect pursuant to 12 CRR-NY § 146-1.3. were stated as:

> (1) On and after January 1, 2011, a food service worker shall receive a wage of at least $5 per hour, and credit for tips shall not exceed $2.25 per hour, provided that the total of tips received plus the wages equals or exceeds $7.25 per hour.
> (2) On and after December 31, 2013, a food service worker shall receive a wage of at least $5.00 per hour, and credit for tips shall not exceed $3.00 per hour, provided that the total of tips received plus the wages equals or exceeds $8.00 per hour.

The Trial Exhibits show that prior to January 1, 2011, Plaintiffs received $4.65 per hour as a regular hourly wage, and that the tips earned by Plaintiffs, when added to their hourly wage, indicated a wage rate equal to or exceeding $7.25 per hour.

The Trial Exhibits show that on and after January 1, 2011, Plaintiffs received at least $5.00 per hour as a regular hourly wage, and that the tips earned by Plaintiffs, when added to their hourly wage, indicated a wage rate equal to or exceeding $7.25 per hour on and after January 1, 2011 until December 30, 2013, and that on and after December 31, 2013, that the tips

14

d-98-60

earned by Plaintiffs, when added to their hourly wage, indicated a wage rate equal to or exceeding $8.00 per hour.

Plaintiffs did not show at trial, and the Trial Exhibits show that Plaintiffs cannot so show that: (1) in any pay period during their employment that their regular hourly wages were below the standards provided by 12 CRR-NY § 146-1.3; and (2) the Plaintiffs' total wage rate when adding the regular hourly wage and tips earned by Plaintiffs did not equal or exceed the prevailing "aggregate" required wage set forth by 12 CRR-NY § 146-1.3.

Plaintiffs also failed to present credible evidence that they worked more than two hours per shift performing non-delivery tasks. In fact, Plaintiff Cid estimates he spent no more than two hours per shift performing non-delivery tasks. Tr. Trans. at 18.

Plaintiff Valle stated that he spent "between three to four hours maximum" per shift performing non-delivery tasks. Tr. Trans. at 44. A "maximum" is a vague estimate of time spent and such an imprecise, unsupported statement is weak "proof" to show that the "tip-credit" rate should not apply.

In fact, when questioned about the times that Plaintiff Valle spent on each non-delivery task, Plaintiff Valle estimated that, prior to 2014, he spent: (1) a "maximum 30 to 40 minutes" preparing salad each shift (Tr. Trans. at 44); (2) "about 45 minutes" cleaning the floor, twice per week (Tr. Trans. at 44); (3) "more than 30 minutes" washing dishes two times per week (Tr. Trans. at 44); (4) "about 20 minutes" per week preparing forks and chopsticks (Tr. Trans. at 45); and (5) "20 minutes maximum" two times per week handling deliveries (Tr. Trans. at 45).

It is impossible from this confusing mix of duties done either daily or a certain number of times per week, to come up with even a vague estimate of the time Plaintiff Valle spent on non-delivery tasks. Further, even if assumed that all of the duties were performed in a single shift

15

d-98-60

(and this could not be the case for every shift, as some duties were only performed twice per week) such time adds up to two hours and thirty-five minutes at most. This is far from Plaintiff Valle's prior statement of "three to four hours maximum" spent doing non-delivery tasks.

Further confusing Plaintiff Valle's testimony is Plaintiff Valle's statement that his non-delivery duties were added to in 2014. Tr. Trans. at 46. Plaintiff Valle stated in 2014, twice per week he would spend "about half an hour" buying soda for the restaurant. Tr. Trans. at 46. Plaintiff Valle stated that at this time he was also making "ginger dressing" two times per week for "30 minutes." Tr. Trans. at 46. Plaintiff Valle also claimed at this time that he would spend "between 20 and 25 minutes" making soy sauce. Tr. Trans. at 46. Again, it is unclear and unclarified at trial how much time per shift Plaintiff Valle claims to have performed non-delivery work in 2014.

### IV. Plaintiffs' contentions that they were not issued notices pursuant to NYLL § 195(1) are moot.

Plaintiffs contend that Defendants failed to issue Plaintiffs notices required by NYLL § 195(1) Complaint at ¶59.

NYLL § 195(1) became effective April 9, 2011. The notice required pursuant to NYLL § 195(1) is to be given by employers "at the time of hiring" of an employee.

It is undisputed that Plaintiffs were hired by Defendant Gordon Chen's Kitchen LLC prior to April 9, 2011.  Tr. Trans. at 8, 37; Complaint ¶17, 18.

NYLL § 195(1) reads:

> an employer to give at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether  paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum  wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in

16

d-98-60

accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as "names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

NYLL § 198(1-b) is the statute dictating enforcement of NYLL § 195(1). NYLL § 198(1-

b) provides that:

If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees.   The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

On behalf of any employee not provided a notice as required by subdivision one of section one hundred ninety-five of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim, and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner may assess against the employer damages of fifty dollars for each work week that the violations occurred or continue to occur.   In any action or administrative proceeding to recover damages for violation of paragraph (d) of subdivision one of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice pursuant to subdivision one of section one hundred ninety-five of this article.

In *Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 CIV. 1335 RA JCF, 2012 WL

7620734, at 8 (S.D.N.Y. Oct. 23, 2012) the Court stated that:

The plain language of the statute, as the defendants argue, confers a private right of action upon those who do not receive their notice at the time of hiring, but not upon those who do not receive it on or before February first of any subsequent year. NYLL§198(1-b). In contrast, the provision giving the Commissioner of Labor the power to bring an action does not contain any limitations. Therefore, the proper interpretation of NYLL § 198(1-b) is that only employees who did not

17

d-98-60

receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b).

*Guan Ming Lin*, is directly on point in this action as Plaintiffs were hired prior to the effective date of NYLL § 195(1). Thus, even if no subsequent notice pursuant to the aforesaid statute was given to Plaintiffs, the Plaintiffs have no private right of action pursuant to NYLL § 198(1-b).

### V. Plaintiffs' contentions that they were not issued notices pursuant to NYLL § 195(3) are not credible.

Plaintiffs contend that Defendants failed to issue Plaintiffs notices required by NYLL § 195(3) Complaint at ¶58.

NYLL § 195(3) requires that employers:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed.

Plaintiff Cid admits that the "check stubs" reproduced in the Trial Exhibits were given to him with every check. Trial Trans. at 30-32. The manager of Defendant Gordon, Pedro Garzon, also testified that such "check stubs" were always issued along with Plaintiffs' pay checks. Trial Trans. at 76-81. Plaintiff Valle can only state that "I honestly don't remember" if such "check stubs" were received by him. Trial Trans. at 52. However, Def. Trial Exs. D and E show that such "check stubs" were issued to Plaintiff Valle.

18

d-98-60

Such "check stubs" reproduced by Defendants in the Trial Exhibits contain the information required by NYLL § 195(3). In *Sexton v. American Golf Corporation*, Case No. 13-CV-873 (E.D.N.Y. 2015), the Court stated that: "The bi-weekly pay statements issued by AGC to Sexton comply with the first requirement of § 195(3) as they list (i) the dates worked, (ii) Sexton's name, (iii) AGC's name and address, (iv) Sexton's rate of pay, (v) the fact that Sexton is a salary employee, (vi) gross wages, (vii) deductions, and (viii) net pay."

The "check stubs" issued to Plaintiffs listed: (1) the dates worked; (2) Plaintiffs' name; (3) the employer's name and address; (4) Plaintiffs' rate of pay; (5) the fact that Plaintiffs were hourly employees; (6) Plaintiffs' gross wages; (7) deductions; and (8) net pay. Def. Trial Exs. A, B, C, D, and E. Thus, Defendants were in compliance with NYLL § 195(3).

**VI. Plaintiffs' claims to "spread of hours" payments are not credible.**

Plaintiffs did not work more than ten hours, or "split shifts" while employed by Defendant Gordon Chen's Kitchen LLC and Plaintiffs are therefore not entitled to "spread of hours" payments pursuant to 12 NYCRR § 142-2.4. The only evidence put forth by Plaintiffs is Plaintiffs' own self-serving testimony.

A review of the Trial Exhibits makes plain that Plaintiffs' statements that they worked a schedule where their start and end times were more than ten hours apart cannot be given credence. Tr. Trans. at 9, 13-14, 38-39. For as the reproduced "check stubs" indicate in Def. Tr. Exs. A, B, C, D, and E, Plaintiffs worked forty hours or less per week.

As the manager of Defendant Gordon, Pedro Garzon, stated, employee shifts at the restaurant were from "10 to 2…and 4 to 8" and "from 11 to 3 and 5 to 9." Tr. Trans. at 107-108. Such testimony is credible because it comports with the Trial Exhibits. The shifts described by Mr. Garzon indicate that employees worked eight hour shifts per day, and such hours worked

19

during a Monday through Friday work week would total forty hours, if an employee worked the complete shift every day of the week. Indeed, Def. Tr. Exs. A, B, C, D, and E show that very often the Plaintiffs were paid for forty hours of work.

## CONCLUSION

At trial, Plaintiffs failed to prove any of the allegations Plaintiffs' complained of against Defendants and Plaintiffs did not show entitlement to an award of damages from Defendants, or that Defendants should be liable for civil penalties. Defendants respectfully request that the Court deny Plaintiffs' claims and dismiss the Action in its entirety.

Dated: New York, New York
        January 27, 2017

Nathan M. Ferst (9655)
*Attorney for Defendants*

By:   /s/ Nathan M. Ferst
450 Seventh Avenue, Suite 2701
New York, New York 10123
(212) 683-8055
nmf@nathanmferst.com

20

d-98-60